U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 2 9 2007

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| NORMA CARTER, ET AL. | CIVIL ACTION NO. 06-1365 |
| VERSUS | JUDGE DONALD E. WALTER |
| CHEMTRADE REFINERY SERVICES, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Doc. #29] filed on behalf of defendants, Olin Corporation and Arch Chemicals, Inc. ("Olin/Arch") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, Motions for Summary Judgment [Doc. #s 33 & 31] filed on behalf of Chemtrade Refinery Services, Inc. ("Chemtrade") and Olin/Arch, respectively, pursuant to Federal Rule of Civil Procedure 56, and Motions to Strike Plaintiffs' Expert Affidavits [Doc. #s 50 & 52], filed on behalf of defendants, Chemtrade and Olin/Arch, respectively. Plaintiffs oppose these motions. For the reasons assigned herein, defendants' motions are **DENIED**.

## STATEMENT OF THE CASE

Plaintiffs Norma Carter ("Carter"), Noah Clawson ("Clawson"), Wilmer Monette, Jr. ("Monette") and Carl Nettles ("Nettles")[1] bring this negligence action against defendants Olin/Arch, their former employers, and defendant, Chemtrade, their present and former employer, for hearing loss sustained allegedly as a result of plaintiffs' prolonged work-related exposure to hazardous noise

---

[1] Plaintiffs John R. Chavis ("Chavis") and Morris T. Marsalis ("Marsalis") have dismissed their claims against all defendants. Plaintiff Carter has dismissed her claim against Chemtrade. Likewise, Chemtrade has dismissed its Compulsory Counterclaim against Carter and Chavis.

levels currently or historically present at a sulphur regeneration plant located in Shreveport, Louisiana, currently owned by Chemtrade (the "Facility"). The Facility has been in operation for more than thirty years. According to Joe Jayroe ("Jayroe"), the Facility's Plant Manager since 1998, Arch Chemicals, Inc. was "spun off" from Olin Chemical Corporation in 1999. Affidavit of Joe Jayroe ("Jayroe Aff."), ¶2. In 2003, Peak Sulphur, Inc. acquired the Facility from Arch Chemicals, Inc. Id. Chemtrade Sulphur US Holdings Inc. acquired the Facility from Peak Sulphur, Inc. in August 2005. Id.

Plaintiffs allege that on either July 12, 2005, or July 13, 2005, they were examined by a physician who, based on plaintiffs' medical histories, determined that their hearing impairments were caused by exposure to hazardous occupational noise levels during their employment with defendants. Petition for Damages, ¶6. Plaintiffs filed suit against defendants in Caddo Parish, Louisiana on July 5, 2006. This matter was removed to this Court on August 11, 2006.

## LAW AND ANALYSIS

### I.  OLIN/ARCH MOTION TO DISMISS.

A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Kaltenbach v. Richards, 464 F.3d 524, 526 (5th Cir. 2006). Complaints should be construed liberally in favor of the plaintiff. Id.

Olin/Arch assert that plaintiffs' Petition should be dismissed as plaintiffs' exclusive remedy against their employer lies under the Louisiana Workers' Compensation Act ("LWCA"), La. R.S. 23:1031, et seq. Specifically, Olin/Arch assert that plaintiffs' hearing loss falls within the definition of "occupational disease" under the LWCA: a "disease or illness which is due to causes and

2

conditions characteristic of and peculiar to the particular trade, occupation, process or employment in which the employee is exposed to such a disease." La. R.S. 23:1031.1(B).

Generally, an employer is responsible for compensation benefits to an employee who is injured by an accident that occurs within the course of the employment and arises out of the employment. La. R.S. 23:1031. Compensation benefits are the employee's exclusive remedy against his employer for such an injury. La. R.S. 23:1032. "When the employer seeks to avail itself of tort immunity under Section 1032, the employer has the burden of proving entitlement to immunity." Mundy v. Dept. of Health and Human Resources, 593 So.2d 346, 349 (La. 1992). Thus, the issue for this Court as to Olin/Arch's Motion to Dismiss is whether defendants have met that burden. This Court finds that they have not.

The Louisiana Supreme Court has examined the history of including "occupational diseases" in the Louisiana workers' compensation scheme. See O'Regan v. Preferred Enterprises, Inc. (O'Regan I), 737 So.2d 31, 34 (La. 1999); see also O'Regan v. Preferred Enterprises, Inc. (O'Regan II)(on reh'g), 758 So.2d 124 (La. 2000). As originally enacted, the LWCA only covered job related "accidents" as that term was defined in La. R.S. 23:1021. In 1952, the LWCA was broadened to provide for coverage of listed occupational diseases and exposures. La. R.S. 23:1031.1(A) (1952). The LWCA was amended again in 1975 to provide that all occupational diseases are compensable under the LWCA. La. Acts 1975, No. 583. A disease is considered occupational if it is contracted as a result of work related conditions. La. R.S. 23:1031.1(A); H. Alston Johnson, 13 Louisiana Civil Law Treatise: Workers' Compensation Law and Practice § 220 (3 ed.1994). In 1989, the legislature amended the LWCA again to exclude certain progressive diseases from coverage under the LWCA, none of which are at issue in the case sub judice. La. R.S. 23:1031.1(B); La. Acts 1989, No. 454.

In response to defendants' argument that they are immune from tort liability under §1032, plaintiffs assert that *gradual* hearing loss is not compensable under the LWCA. Thus, plaintiffs are entitled to pursue a tort action against defendants. See Sayrie v. Harbert Intern., Inc., 576 So.2d 1127 (La. App. 3 Cir. 1991).

In Sayrie, supra, the court affirmed the district court's summary dismissal in favor of the employer, and found that the plaintiffs' claimed gradual hearing loss caused by exposure to loud noises while working as a sandblaster was not covered by the LWCA provision on permanent partial disability:

> In cases not falling within any of the provisions already made, where the employee is seriously and permanently disfigured or suffers a permanent hearing loss *solely due to a single traumatic accident* . . .

La. R.S. 23:1221(4)(p) (emphasis added). The Sayrie Court agreed with the employer that the statute specifically limits an award of benefits for hearing loss to those instances where the loss was "solely due to a single traumatic accident," and that such was not the case in Sayrie. 576 So.2d at 1129-30.[2]

In Connor v. Naylor Industrial Services, 579 So.2d 1226 (La. App. 3d Cir. 1991), the plaintiff, Michael Connor ("Connor"), initially brought suit against his employer and its insurer seeking workers' compensation benefits for alleged total permanent disability attributed to gradual

---

[2] Cf. Chatelain v. American Can Company (Chatelain I), 344 So.2d 1180, 1181-82 (La. App. 4th Cir. 1977) (affirming lower court's finding that prolonged employment-related exposure to severe loud noises constitutes an "accident" within the meaning of the LWCA, but denying benefits due to the plaintiff's failure to prove causation); and Chatelain v. American Can Company (Chatelain II), 387 So.2d 670, 671 (La. App. 4th Cir. 1980) (affirming lower court's dismissal of the plaintiff's claims on grounds of res judicata finding that the plaintiff had already tried and lost a workers' compensation suit by failing to prove causation, and "to the extent that plaintiff seeks any recovery other than workers' compensation, he does not state a cause of action because of the exclusivity of workers' compensation."). Both Chatelain I and Chatelain II were issued prior to the LWCA's 1985 amendment adding §1221(p)(4).

4

hearing loss Connor sustained while employed by the defendant as a heavy equipment operator. The defendants denied liability for benefits. Connor then supplemented and amended his petition to include a tort claim. The trial court dismissed Connor's action finding that his tort claim was barred by the exclusive remedy of workers' compensation even though Connor was not entitled to benefits under workers' compensation.

The Louisiana Third Circuit in <u>Connor</u>, <u>supra</u>, determined that the plaintiff's injury, gradual hearing loss, was not compensable under the LWCA based upon La. R.S. 23:1221(4)(p). 579 So.2d at 1227. Because the injury was not compensable under the LWCA, the <u>Connor</u> court determined that the plaintiff was entitled to proceed against his employer in tort under the Louisiana Supreme Court's reasoning in <u>Spillman v. South Central Bell Telephone Company</u>, 518 So.2d 994 (La. 1988):

> If [a mental disorder caused by job-related stress, unaccompanied by a physical injury] is not compensable under the [LWCA] because it does not fit into the [LWCA's] definition of an injury, then the employer would *not* have tort immunity. Therefore, it may be possible for the plaintiff to state a cause of action in tort.

<u>Id.</u> (emphasis added). In examining whether an employee is entitled to pursue a tort action against his employer when his injury in not compensable under the LWCA, the Louisiana Fifth Circuit in <u>Ellis v. Normal Life of Louisiana</u>, 638 So.2d 422, 427 (La. App. 5th Cir. 1994), explained:

> ... [I]n instances where plaintiff is not afforded any compensation under the act for the injury, the courts have historically been prepared to entertain tort suits against the employer. On the other hand, when plaintiff has received or is entitled to receive compensation, but seeks "additional" damages for a non-compensable element, the tort suit has not been allowed. This policy is sound, based on the purposes of the act.

<u>Ellis</u>, 638 So.2d at 426 (citations omitted).

In response to plaintiffs' assertions that their injuries are not compensable under the LWCA, Olin/Arch attempts to distinguish <u>Connor</u>, <u>supra</u>, and <u>Sayrie</u>, <u>supra</u>, by arguing that the question

5

before this Court is not whether plaintiffs could recover permanent partial disability benefits under La. R.S. 23:1221(p)(4). Rather, the issue is whether their alleged injury of gradual hearing loss is covered by the LWCA. Olin/Arch specifically avers that:

> Gradual onset hearing loss brought about by work place conditions is clearly an occupational disease which is, therefore, covered by the WCA. The fact that a *specific remedy* may not be available has no effect on whether the *injury* itself is covered and if the *injury* is covered, which it clearly is in this case, tort immunity applies. [FN1]
>
>> FN 1. Assuming plaintiffs could meet all of the other requisites under the WCA, there is no indication that remedies other than permanent partial disability benefits are unavailable for their alleged hearing loss. Presumably, plaintiffs would be entitled to the other disability benefits as well as medical benefits for their hearing loss, should they meet their burden of proof under the WCA.

Olin/Arch Reply Brief, pp. 4-5 (emphasis in original).

The employer has the burden of proving entitlement to immunity under the LWCA. Mundy, 593 So.2d at 349. According to Louisiana jurisprudence, the employer's entitlement to immunity is dependent upon whether the injury alleged is compensable under the LWCA. Plaintiffs came forward and showed the Court that their claimed injury is not so compensable. At that juncture, it was incumbent upon defendants to show this Court otherwise. This Court finds that defendants' conclusory statements that "there is no indication that remedies other than permanent partial disability benefits are *unavailable*" and "[p]resumably, plaintiffs would be entitled to other disability benefits as well as medical benefits for their hearing loss . . ." are not sufficient to satisfy defendants' burden. Olin/Arch Reply Brief, p. 5 n. 1 (emphasis added).

Accordingly, Olin/Arch's Motion to Dismiss is **DENIED**.

## II. DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT.

### A. Summary Judgment Standard.

Under Fed. R. Civ. P. 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Id.

The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309 (5th Cir. 1999). The moving party is not required to negate the elements of the non-moving party's case. Lawrence, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 584-88, 106 S.Ct. 1348, 1355-56 (1986). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). This burden is not satisfied with some metaphysical doubt as to the material

facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Little v. Liquid Air. Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). In the absence of any proof, the court will not assume the non-moving party could or would prove the necessary facts. Id.

### B. Defendants' Motions for Summary Judgment.

Defendants assert that plaintiffs' negligence claims, subject to Louisiana's one-year prescriptive period for delictual actions, La. Civ. Code art. 3492, have prescribed as plaintiffs knew or should have known of the wrongful act, their damages and the connection between the two more than one year prior to July 5, 2006. See Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999); see also New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 879 (5th Cir. 1998).

Finding that genuine issues of material fact remain as to when plaintiffs knew or should have known of their damages, defendants' motions to the extent they address the issue of prescription are **DENIED**.

Defendants further assert that plaintiffs have failed to provide evidence that defendants breached a duty to plaintiffs and that plaintiffs have failed to provide evidence of causation. Again, finding that genuine issues of material fact remain, defendants' motions to the extent they address the issues of breach of duty and causation are **DENIED**.

### III. DEFENDANTS' MOTIONS TO STRIKE PLAINTIFFS' EXPERT AFFIDAVITS.

Defendants assert that the affidavits of audiologist, Sarah Hull ("Hull"), submitted by plaintiffs in support of their opposition to defendants' Motions for Summary Judgment fail to comply with Rule 56 and should be stricken. Specifically, defendants assert that Hull's affidavits are not based on personal knowledge, fail to show that Hull is competent to testify on the matters contained therein and fail to set forth the reasoning underlying Hull's conclusions.

8

Although this Court **DENIES** defendants' motions at this time, defendants may reurge the issues addressed therein at trial.

## CONCLUSION

For the reasons stated above, Olin/Arch's Motion to Dismiss is **DENIED**; defendants' Motions for Summary Judgment are **DENIED** for the reasons individually addressed; and defendants' Motions to Strike are **DENIED** but the issues raised therein may be reurged at trial.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE